

Your Missouri Courts                                                    .net

Search for Cases by: [Select Search Method...]

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print          GrantedPublicAccess  Logoff MELANIERENKEN

2222-CC09336 - PHILLIP BERRY V ST. LOUIS PUBLIC SCHOOLS (E-CASE)

FV  File Viewer

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Click here to eFile on Case    Click here to Respond to Selected Documents    Sort Date Entries: ● Descending ○ Ascending    Display Options: [All Entries]

**03/27/2023** ☐ Order

THEREFORE, it is Ordered and Decreed that Defendant's motion to strike is GRANTED without prejudice as to all of the MHRA claims. The motion is DENIED as to the Title VII and ADEA claims SO ORDERED JUDGE JASON M. SENGHEISER #55132

**02/22/2023** ☐ Jury Trial Scheduled

Scheduled For: 04/17/2023; 9:00 AM ; ELIZABETH BYRNE HOGAN; City of St. Louis

☐ Hearing Continued/Rescheduled

Hearing Continued From: 02/27/2023; 9:00 AM Jury Trial

**01/24/2023** ☐ Suggestions in Opposition

DEFENDANT ST. LOUIS PUBLIC SCHOOL'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PETITION; Electronic Filing Certificate of Service.
Filed By: MELANIE ANN RENKEN
On Behalf Of: ST. LOUIS PUBLIC SCHOOLS

**01/10/2023** ☐ Motion for Leave

Motion for Leave; Electronic Filing Certificate of Service.
Filed By: JERRYL THOMAS CHRISTMAS
On Behalf Of: PHILLIP BERRY

☐ Note to Clerk eFiling

Filed By: MELANIE ANN RENKEN

☐ Amended Notice of Hrng Filed

Amended Notice of Hearing for Virtual Hearing - 2222-09336 Berry v SLPS; Electronic Filing Certificate of Service.
Filed By: MELANIE ANN RENKEN

**01/03/2023** ☐ Notice of Hearing Filed

Notice of Hearing; Electronic Filing Certificate of Service.
Filed By: MELANIE ANN RENKEN
On Behalf Of: ST. LOUIS PUBLIC SCHOOLS

**12/21/2022** ☐ Motion to Strike

MOTION TO STRIKE AMENDED PETITION.PDF; Electronic Filing Certificate of Service.
Filed By: MELANIE ANN RENKEN
On Behalf Of: ST. LOUIS PUBLIC SCHOOLS

**12/19/2022** ☐ Amend Pet/Mot to Modify Filed

Amended Petition; Electronic Filing Certificate of Service.
Filed By: JERRYL THOMAS CHRISTMAS
On Behalf Of: PHILLIP BERRY

**10/06/2022** ☐ Entry of Appearance Filed

Entry of Appearance; Electronic Filing Certificate of Service.
Filed By: MELANIE ANN RENKEN
On Behalf Of: ST. LOUIS PUBLIC SCHOOLS

☐ Entry of Appearance Filed

Entry of Appearance; Electronic Filing Certificate of Service.
Filed By: MELANIE ANN RENKEN

☐ Memorandum Filed

Filed By: MELANIE ANN RENKEN

☐ Motion to Dismiss

Motion to Dismiss Plaintiffs Amended Petition; Electronic Filing Certificate of Service.
Filed By: MELANIE ANN RENKEN

**09/13/2022** ☐ Corporation Served

Document ID - 22-SMCC-12024; Served To - ST. LOUIS PUBLIC SCHOOLS; Server - B JONES, SERVICE DEPUTY; Served Date - 12-SEP-22; Served Time - 08:40:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - KARLLA S DOZIER/DIRECTOR OF EMPLOYEE RELATIONS

**09/06/2022** ☐ Jury Trial Scheduled

Associated Entries: 02/27/2023 - Hearing Continued/Rescheduled
Scheduled For: 02/27/2023; 9:00 AM ; ELIZABETH BYRNE HOGAN; City of St. Louis

**08/30/2022** ☐ Amend Pet/Mot to Modfy Filed

Amended Petition.
Filed By: JERRYL THOMAS CHRISTMAS
On Behalf Of: PHILLIP BERRY

**08/29/2022** ☐ Summons Issued-Circuit

Document ID: 22-SMCC-12024, for ST. LOUIS PUBLIC SCHOOLS.

|  |  | Judge Assigned |
| 08/24/2022 |  | Confid Filing Info Sheet Filed |
|  |  | **Filed By:** JERRYL THOMAS CHRISTMAS |
|  |  | Pet Filed in Circuit Ct |
|  |  | Petition. |
|  |  | **Filed By:** JERRYL THOMAS CHRISTMAS |
|  |  | **On Behalf Of:** PHILLIP BERRY |

**Notice of Removal, Exhibit A, p. 2**

**2222-CC09336**

Electronically Filed - City of St. Louis - August 29, 2022 - 04:27 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## 22ND JUDICIAL CIRCUIT
## STATE OF MISSOURI

PHILLIP A. BERRY )
)
)
    Plaintiff, )
)
)
vs. )      Cause No:
)
ST. LOUIS PUBLIC SCHOOLS )      Division No:
)
SERVE: KELVIN ADAMS )
      Superintendent )
      801 N. Eleventh St. )
      St. Louis, MO 63101 )


    Defendant.


## PETITION
## DISCRIMINATION UNDER
## THE MISSOURI HUMAN RIGHTS ACT

COMES NOW  Plaintiff, by and through counsel and for his Petition against ST.

LOUIS PUBLIC SCHOOLS, ("Defendant"), states and alleges as follows:

### Jurisdiction And Venue

1. This action arises under Missouri Human Rights Act, Mo Rev. Stat. §§

    213.010- §§ 213.126 (hereinafter referred to as "MHRA").

1

Electronically Filed - City of St. Louis - August 29, 2022 - 04:27 PM

2.  The unlawful employment practices complained of herein were committed in St. Louis, Missouri.

3.  Plaintiff PHILLIP A. BERRY is a Black Male resident of Missouri, over the age of Forty and a former employee of Defendant.

4.  Defendant ST. LOUIS PUBLIC SCHOOLS is a domestic general assembly organized and existing under the laws of the State of Missouri and was Plaintiff's former employer and an employer as defined under the MHRA.

5.  At all times material to this action, Defendant has engaged in an industry affecting commerce and had six or more employees for each working day of twenty or more calendar weeks.

## Administrative Procedures

6.  On October 1, 2021 Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR").

7.  Thereafter, Plaintiff received a Notice of Right to Sue from the MCHR, dated May 24, 2022 and has initiated this action within ninety (90) days of the date of the notice.

## Facts Common to All Counts

8.  Plaintiff was a full time employee for Defendant at AESM Middle School at L'Ouverture.

Electronically Filed - City of St. Louis - August 29, 2022 - 04:27 PM

9. Plaintiff was employed as Family Community Specialist for Defendant.

10. Plaintiff was employed by the Defendant for Sixteen (16) years.

11. Plaintiff never received an unsatisfactory evaluation.

12. Plaintiff was the only Black Male employed as a Family Community Specialist in the Building.

13. On March 3, 2021 Plaintiff was advised a White Female Staff member made a report that Plaintiff inappropriately touched a female student.

14. The White Female Staff member reported this happened in February of 2019.

15. The White Female Staff member did not know what day of the month in February of 2019 this occurred.

16. The White Female Staff member reported a 14 year old Female student reported this incident to her.

17. A Black Female Human Resource Officer requested to interview Plaintiff.

18. Plaintiff appeared for the interview and requested Legal representation.

19. The Black Female Human Resource Officer declined his request.

20. The Black Female Human Resource Officer slapped her hands together at Plaintiff and began to demean, intimidate and belittle Plaintiff.

Electronically Filed - City of St. Louis - August 29, 2022 - 04:27 PM

21. The Black Female Human Resource Officer created a hostile environment for the Plaintiff as compared to similarly situated female, White younger co-workers.

22. The Black Female Human Resource Officer harassed Plaintiff as compared to similarly situated female, White younger co-workers.

23. Plaintiff denied ever having any inappropriate contact with the 14 year old Female student.

24. The accusation was reported to the Missouri Department of Social Services on March 2, 2021.

25. Plaintiff was placed on administrative leave on March 3, 2021.

26. On April 5, 2021 Plaintiff was terminated.

27. On April 8, 2021 The Missouri Department of Social Services issued their report.

28. The Missouri Department of Social Services interviewed the Plaintiff, Staff Members, Students and the Alleged Victim.

29. No one including the alleged victim indicated Plaintiff touched or said anything inappropriate to a student.

30. The Missouri Department of Social Services determined the allegation was unsubstantiated.

**Notice of Removal, Exhibit A, p. 6**

Electronically Filed - City of St. Louis - August 29, 2022 - 04:27 PM

31. Defendant created, fostered, promoted a hostile work environment in which Plaintiff as compared to similarly situated Female younger White co-workers was discriminated against and treated unfairly, more harshly, and less favorably with respect to his terms, conditions and privilege of employment.

## Unlawful Employment Practice (Sex Discrimination)
### In Violation of MHRA §213.055 R.S.Mo.

32. Plaintiff incorporates and re-alleges paragraphs 1-31 and for his MHRA sex discrimination in employment claim against Defendant states and alleges as follows:

33. Defendant discriminated against Plaintiff with respect to his privileges of employment by creating, fostering, promoting and allowing to exist a hostile, offensive and intimidating work environment.

34. Defendant unfairly disciplined Plaintiff as compared to his female co-workers.

35. Defendant Discharged Plaintiff.

36. Plaintiff's sex was a contributing and motivating factor in Defendant's unfair discipline of Plaintiff compared to his female co-workers.

37. Plaintiff's sex was a contributing and motivating factor in Defendants discharge of Plaintiff.

Electronically Filed - City of St. Louis - August 29, 2022 - 04:27 PM

38. As a direct and proximate result of Defendants actions, Plaintiff has suffered damages, including but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and deteriment.

39. Defendants actions complained of herein were outrageous because of Defendants evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendants and will deter Defendants and others from like conduct.

40. Plaintiff is entitled to, and prays for, equitable relief in the form of reinstatement of employment or in the alternative, front pay, under the MHRA, §213.111.2 R.S.Mo.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition and awarding: (i) compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) for reinstatement of employment or, in the alternative, front pay; (iv) for his attorneys fees and

Electronically Filed - City of St. Louis - August 29, 2022 - 04:27 PM

costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

By:/s/Jerryl T. Christmas
Jerryl T. Christmas, #45370
Attorneys for Plaintiff
6101 Delmar Blvd
Saint Louis, Missouri 63112
Phone: 314-588-7105
Fax :   314-361-2525



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC09336 |
| Plaintiff/Petitioner:<br>PHILLIP BERRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JERRYL THOMAS CHRISTMAS<br>6101 DELMAR BLVD<br>SUITE A, 2ND FLOOR<br>SAINT LOUIS, MO  63112 |
| Defendant/Respondent:<br> ST. LOUIS PUBLIC SCHOOLS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ST. LOUIS PUBLIC SCHOOLS
                            Alias:

**KELVIN ADAMS**
**SUPERINTENDENT**
**801 N ELEVENTH ST**
**ST. LOUIS, MO  63101**

**SHERIFF'S FEE PAID**



*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

   **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

         **August 29, 2022**                        *Thomas Kloppinger*
_____     _____
              Date                                      Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
      Printed Name of Sheriff or Server                     Signature of Sheriff or Server

       **Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*     Subscribed and sworn to before me on _____ (date).

            My commission expires: _____          _____

**Notice of Removal, Exhibit A, p. 10**

Date                                                                        Notary Public

**Sheriff's Fees, if applicable**

Summons                          $_____

Non Est                          $_____

Sheriff's Deputy Salary
Supplemental Surcharge           $_____10.00_____

Mileage                          $_____ (_____ miles @ $._____ per mile)

**Total**                        **$_____**

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-12024**2 of 1 (2222-CC09336)        Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Notice of Removal, Exhibit A, p. 11

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**22ND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | |
|---|---|
| PHILLIP A. BERRY ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Cause No: |
| ) | |
| ST. LOUIS PUBLIC SCHOOLS ) | Division No: |
| ) | |
| SERVE: KELVIN ADAMS ) | |
|   Superintendent ) | |
|   801 N. Eleventh St. ) | |
|   St. Louis, MO 63101 ) | |
| | |
| Defendant. | |

**AMENDED PETITION**
**DISCRIMINATION UNDER**
**THE MISSOURI HUMAN RIGHTS ACT**

COMES NOW  Plaintiff, by and through counsel and for his Petition against

ST. LOUIS PUBLIC SCHOOLS, ("Defendant"), states and alleges as follows:

**Jurisdiction And Venue**

1. This action arises under Missouri Human Rights Act, Mo Rev. Stat.

   §§ 213.010- §§ 213.126 (hereinafter referred to as "MHRA").

1

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

2. The unlawful employment practices complained of herein were committed in St. Louis, Missouri.

3. Plaintiff PHILLIP A. BERRY is a Black Male resident of Missouri, over the age of Forty and a former employee of Defendant.

4. Defendant ST. LOUIS PUBLIC SCHOOLS is a domestic general assembly organized and existing under the laws of the State of Missouri and was Plaintiff's former employer and an employer as defined under the MHRA.

5. At all times material to this action, Defendant has engaged in an industry affecting commerce and had six or more employees for each working day of twenty or more calendar weeks.

**Administrative Procedures**

6. On October 1, 2021 Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR").

7. Thereafter, Plaintiff received a Notice of Right to Sue from the MCHR, dated May 24, 2022 and has initiated this action within ninety (90) days of the date of the notice.

**Facts Common to All Counts**

8. Plaintiff was a full time employee for Defendant at AESM Middle School at L'Ouverture.

2

**Notice of Removal, Exhibit A, p. 13**

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

9. Plaintiff was employed as a Family Community Specialist for Defendant.

10. Plaintiff was employed by the Defendant for Sixteen (16) years.

11. Plaintiff never received an unsatisfactory evaluation.

12. Plaintiff was the only Black Male employed as a Family Community Specialist in the Building.

13. Plaintiff was treated differently in the terms and conditions of his employment because of his age, sex and race when he was discharged.

14. On March 3, 2021 Plaintiff was advised a White Female Staff member made a report that Plaintiff inappropriately touched a female student.

15. The White Female Staff member reported this happened in February of 2019.

16. The school does have cameras but there is no footage for the time period in question.

17. The White Female Staff member did not know what day of the month in February of 2019 this occurred.

18. The White Female Staff member reported a 14 year old Female student reported this incident to her.

19. A Black Female Human Resource Officer requested to interview Plaintiff.

20. Plaintiff appeared for the interview and requested legal representation.

21. The Black Female Human Resource Officer declined his request.

**Notice of Removal, Exhibit A, p. 14**

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

22. The Black Female Human Resource Officer slapped her hands together at Plaintiff and began to demean, intimidate and belittle Plaintiff.

23. The Black Female Human Resource Officer created a hostile environment for the Plaintiff as compared to similarly situated female, White and younger co-workers.

24. The Black Female Human Resource Officer harassed Plaintiff as compared to similarly situated female, White and younger co-workers.

25. Plaintiff denied having any inappropriate contact with the 14 year old Female student.

26. The Defendant reported the accusation to the Missouri Department of Social Services on March 2, 2021.

27. The Missouri Department of Social Services opened an investigation into the accusations against Plaintiff.

28. Plaintiff was placed on administrative leave on March 3, 2021.

29. Defendant discharged Plaintiff on April 5, 2021, for alleged policy violations that were simply a pretext for the discrimination.

30. On April 8, 2021 The Missouri Department of Social Services issued a report on their findings.

31. The Missouri Department of Social Services interviewed the Plaintiff, Multiple Staff Members, Multiple Students and the Alleged Victim.

4

**Notice of Removal, Exhibit A, p. 15**

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

32. No one including the alleged victim indicated Plaintiff touched or said anything inappropriate to the student in question or any other student.

33. The Missouri Department of Social Services determined the allegation were unsubstantiated.

34. Defendant created, fostered, promoted a hostile work environment in which Plaintiff as compared to similarly situated Female, Younger and White Co-Workers was discriminated against and treated unfairly, more harshly, and less favorably with respect to his terms, conditions and privilege of employment.

### Unlawful Employment Practice (Sex Discrimination) In Violation of MHRA §213.055 R.S.Mo.

35. Plaintiff incorporates and re-alleges paragraphs 1-34 and for his MHRA sex discrimination in employment claim against Defendant states and alleges as follows:

36. Defendant discriminated against Plaintiff with respect to his privileges of employment by creating, fostering, promoting and allowing to exist a hostile, offensive and intimidating work environment.

37. Defendant unfairly disciplined Plaintiff as compared to his female co-workers.

38. Defendant Discharged Plaintiff.

**Notice of Removal, Exhibit A, p. 16**

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

39. Plaintiff's sex was a contributing and motivating factor in Defendant's unfair discipline of Plaintiff compared to his female co-workers.

40. Plaintiff's sex was a contributing and motivating factor in Defendants discharge of Plaintiff.

41. As a direct and proximate result of Defendants actions, Plaintiff has suffered damages, including but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

42. Defendants actions complained of herein were outrageous because of Defendants evil motive or reckless indifference to the rights of plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

43. Plaintiff is entitled to, and prays for, equitable relief in the form of reinstatement of employment or in the alternative, front pay, under the MHRA, §213.111.2 R.S.Mo.

   **WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition and awarding: (i) compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at

**Notice of Removal, Exhibit A, p. 17**

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) for reinstatement of employment or, in the alternative, front pay; (iv) for his attorneys fees and costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

**Unlawful Employment Practice (Age Discrimination)**
**In Violation of MHRA §213.055 R.S.Mo.**

44. Plaintiff incorporates and re-alleges paragraphs 1-43 and for his MHRA age discrimination in employment claim against Defendant, states and alleges as follows:

45. Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment by creating, fostering, promoting and allowing to exist a hostile, offensive and intimidating work environment which had the purpose and effect of substantially interfering with Plaintiff's ability to work as an older staff member.

46. Defendant unfairly disciplined Plaintiff as compared to his younger co-workers.

47. Defendant discharged Plaintiff and replaced him with a younger person.

48. Plaintiff's age was a contributing and motivating factor in Defendants discharge of Plaintiff.

49. As a direct and proximate result of Defendants actions, Plaintiff has suffered damages, including, but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

50. Defendants actions complained of herein were outrageous because of Defendants evil motive or reckless indifference to the rights of plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

51. Plaintiff is entitled to, and prays for, equitable relief in the form of reinstatement of employment or, in the alternative, front pay, under the MHRA §213.111.2 R.S.Mo.

52. Plaintiff is entitled to recover his attorney fees, costs of suit and such other sums as the court may award given the MHRA's broad remedial purpose, under the MHRA, §213.111.2 R.S.Mo.

   **WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition and awarding: (i) compensatory damages in an amount the jury

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

deems fair and reasonable in excess of $25,000.00 according to proof at trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) for reinstatement of employment or, in the alternative, front pay; (iv) for his attorneys fees and costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

## Unlawful Employment Practice (Race Discrimination) In Violation of MHRA §213.055 R.S.Mo.

53. Plaintiff incorporates and re-alleges paragraphs 1-52 and for his MHRA race discrimination in employment claim against Defendant, states and alleges as follows:

54. Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment by creating, fostering, promoting and allowing to exist a hostile, offensive and intimidating work environment which had the purpose and effect of substantially interfering with Plaintiff's ability to work as a Black staff member.

55. Defendant unfairly disciplined Plaintiff as compared to his White co-workers.

56. Defendant Discharged Plaintiff.

**Notice of Removal, Exhibit A, p. 20**

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

57. Plaintiff's race was a contributing and motivating factor in Defendant's unfair discipline of Plaintiff compared to his White co-workers.

58. Plaintiff's race was a contributing and motivating factor in Defendants discharge of Plaintiff.

59. As a direct and proximate result of Defendants actions, Plaintiff has suffered damages, including but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

60. Defendants actions complained of herein were outrageous because of Defendants evil motive or reckless indifference to the rights of plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

61. Plaintiff is entitled to, and prays for, equitable relief in the form of reinstatement of employment or in the alternative, front pay, under the MHRA, §213.111.2 R.S.Mo.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition and awarding: (i) compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at trial;

**Notice of Removal, Exhibit A, p. 21**

(ii) separate punitive damages awards against the Defendant in such amounts as

the jury deems just, proper and sufficient to punish the Defendant and to deter

like future conduct; (iii) for reinstatement of employment or, in the alternative,

front pay; (iv) for his attorneys fees and costs of suit; and (v) such other and

further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

By:**/s/Jerryl T. Christmas**
Jerryl T. Christmas, #45370
Attorneys for Plaintiff
6101 Delmar Blvd
Saint Louis, Missouri 63112
Phone: 314-588-7105
Fax :   314-361-2525

**Notice of Removal, Exhibit A, p. 22**

Electronically Filed - City of St. Louis - August 30, 2022 - 02:01 PM

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

*B/F 4S*

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC09336 | |
|---|---|---|
| Plaintiff/Petitioner:<br>PHILLIP BERRY | Plaintiff's/Petitioner's Attorney/Address<br>JERRYL THOMAS CHRISTMAS<br>6101 DELMAR BLVD<br>SUITE A, 2ND FLOOR<br>SAINT LOUIS, MO 63112 | |
| vs. | | |
| Defendant/Respondent:<br>ST. LOUIS PUBLIC SCHOOLS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ST. LOUIS PUBLIC SCHOOLS
**Alias:**

**KELVIN ADAMS**
**SUPERINTENDENT**
**801 N ELEVENTH ST**
**ST. LOUIS, MO 63101**

*COURT SEAL OF*

*CITY OF ST LOUIS*

[SHERIFF'S FEE PAID]

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**August 29, 2022**

_____  _____
Date                                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
X _Karlla S. Dozier_ (name) _Director of Employee Relations_ (title).
☐ other: _____
Served at _801 N. 11TH ST_ (address)
in _____ (County/City of St. Louis) MO, on _9-12-22_ (date) at _8:40 am_ (time).

_BRIAN JONES_                        _By 537_
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____

SJRC (07-21) SM30 (SMCC) *For Court Use Only: Document ID # 22-SMCC-120241* of 1 (Notice of Removal Exhibit A, p. 23) 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC09336 |
|---|---|
| Plaintiff/Petitioner:<br>PHILLIP BERRY | Plaintiff's/Petitioner's Attorney/Address<br>JERRYL THOMAS CHRISTMAS<br>6101 DELMAR BLVD<br>SUITE A, 2ND FLOOR<br>SAINT LOUIS, MO 63112 |
| vs. | |
| Defendant/Respondent:<br>ST. LOUIS PUBLIC SCHOOLS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Please see the attached information for appearing via WebEx. WebEx connection information may also be found at http://www.stlcitycircuitcourt.com/ |
| | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: ST. LOUIS PUBLIC SCHOOLS
Alias:

KELVIN ADAMS
SUPERINTENDENT
801 N ELEVENTH ST
ST. LOUIS, MO 63101

**SHERIFF'S FEE PAID**

*COURT SEAL OF*



*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court.***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**August 29, 2022**
_____
Date
Further Information:

_Thomas Kloppinger_
_____
Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
(Seal)          Subscribed and sworn to before me on _____ (date).
My commission expires:

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**22ND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | |
|---|---|
| **PHILLIP A. BERRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.  2222-CC09336** |
| | ) |
| **ST. LOUIS PUBLIC SCHOOLS,** | ) |
| | ) |
| **Defendant.** | ) |

### ENTRY OF APPEARANCE

**COMES NOW** Vince Reese, of the law firm Mickes O'Toole, LLC and enters him appearance on behalf of Defendant St. Louis Public Schools in the above-referenced matter.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By:   _/s/ Vince Reese_
　　　Vince Reese, #49576
　　　vreese@mickesotoole.com
　　　Melanie A. Renken, #59973
　　　mrenken@mickesotoole.com
　　　12444 Powerscourt Drive, Suite 400
　　　St. Louis, Missouri 63131
　　　Telephone: 314-878-5600
　　　Facsimile: 314-878-5607

　　　*Attorneys for Defendant St. Louis Public Schools*

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

Jerryl T. Christmas
6101 Delmar Blvd.
St. Louis, MO 63112
Telephone: 314-588-7105
Facsimile: 314-361-2525

*Attorney for Plaintiff*

/s/ *Vince Reese*

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**22ND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **PHILLIP A. BERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  2222-CC09336** |
| | ) | |
| **ST. LOUIS PUBLIC SCHOOLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY OF APPEARANCE

**COMES NOW** Melanie A. Renken, of the law firm Mickes O'Toole, LLC and enters her

appearance on behalf of Defendant St. Louis Public Schools in the above-referenced matter.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By:   /s/ Melanie A. Renken
        Vince Reese, #49576
        vreese@mickesotoole.com
        Melanie A. Renken, #59973
        mrenken@mickesotoole.com
        12444 Powerscourt Drive, Suite 400
        St. Louis, Missouri 63131
        Telephone: 314-878-5600
        Facsimile: 314-878-5607

        *Attorneys for Defendant St. Louis Public Schools*

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

Jerryl T. Christmas
6101 Delmar Blvd.
St. Louis, MO 63112
Telephone: 314-588-7105
Facsimile: 314-361-2525

*Attorney for Plaintiff*

/s/ *Melanie A. Renken*

{00536014.1}

**Notice of Removal, Exhibit A, p. 28**

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**22ND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | |
|---|---|
| **PHILLIP A. BERRY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )      **Cause No.:  2222-CC09336** |
| **ST. LOUIS PUBLIC SCHOOLS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT ST. LOUIS PUBLIC SCHOOL'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED PETITION**

**COMES NOW** Defendant St. Louis Public Schools ("the District") by and through its undersigned counsel, and for its Motion to Dismiss Plaintiff's Amended Petition ("Motion") states as follows:

1.    Plaintiff is a former employee of the District who was terminated following an investigation into his alleged inappropriate touching of a student.

2.    On August 24, 2022, Plaintiff filed a single-count Petition, alleging sex discrimination in violation of the Missouri Human Rights Act ("MHRA").

3.    Plaintiff filed an Amended Petition on August 30, 2022, adding claims of age and race discrimination under the MHRA.

4.    The Missouri Commission on Human Rights ("MCHR") issued its Notice of Right to Sue ("Right-to-Sue Letter") on May 24, 2022.

5.    "[A]ny action brought in court under [the MHRA] **shall** be filed within ninety days from the date of the commission's [Right-to-Sue Letter] to the individual . . . ." Mo. Rev. Stat. §213.111.1.

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

6.      All three (3) of Plaintiff's claims are time-barred because he failed to file them within ninety (90) days of the MCHR issuing its Right-to-Sue Letter.

WHEREFORE Defendant respectfully requests that this Court issue an Order dismissing Plaintiff's Amended Petition with prejudice, and for such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By:   /s/ Melanie A. Renken
        Vince Reese, #49576
        vreese@mickesotoole.com
        Melanie A. Renken, #59973
        mrenken@mickesotoole.com
        12444 Powerscourt Drive, Suite 400
        St. Louis, Missouri 63131
        Telephone: 314-878-5600
        Facsimile: 314-878-5607

        *Attorneys for Defendant St. Louis Public Schools*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jerryl T. Christmas
6101 Delmar Blvd.
St. Louis, MO 63112
Telephone: 314-588-7105
Facsimile: 314-361-2525

*Attorney for Plaintiff*

/s/ Melanie A. Renken

**Notice of Removal, Exhibit A, p. 30**

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

**Notice of Removal, Exhibit A, p. 31**

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**22ND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | |
|---|---|
| **PHILLIP A. BERRY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Cause No.:  2222-CC09336** |
| ) | |
| **ST. LOUIS PUBLIC SCHOOLS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| ) | |
| ) | |

<u>**DEFENDANT ST. LOUIS PUBLIC SCHOOL'S MEMORANDUM IN SUPPORT OF**</u>
<u>**ITS MOTION TO DISMISS PLAINTIFF'S AMENDED PETITION**</u>

**COMES NOW** Defendant St. Louis Public Schools ("the District") by and through its undersigned counsel, and for its Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Petition, states as follows:

<u>**INTRODUCTION**</u>

Plaintiff is a former employee of the District who was terminated following an investigation into his alleged inappropriate touching of a student. On August 24, 2022, Plaintiff filed a single-count Petition, alleging sex discrimination in violation of the Missouri Human Rights Act ("MHRA"). Plaintiff filed an Amended Petition on August 30, 2022, adding claims of age and race discrimination under the MHRA.

All three (3) of Plaintiff's claims are time-barred because he failed to file them within ninety (90) days of the Missouri Commission on Human Rights ("MCHR") issuing its Notice of Right to Sue ("Right-to-Sue Letter").

{00536044.1}

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

## STANDARD OF REVIEW

Missouri is a fact pleading state. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. 1993) (en banc). "In Missouri, motions to dismiss for failure to state a claim have substantially more 'bite' under our 'fact pleading' rules than they have under the federal system of 'notice pleading.'" *Id.*

"A motion to dismiss is the proper motion for attacking a petition on the ground it is barred by the statute of limitations, especially where the expiration of the limitation appears on the face of the petition." *Harris-Laboy v. Blessing Hosp., Inc.,* 972 S.W.2d 522, 524 (Mo. Ct. App. 1998). "The determination of whether the statute of limitations applies to bar the action is a question of law." *Id.*

As explained below, it is clear from the face of Plaintiff's Amended Petition that all of his claims are time-barred by the MHRA statute of limitations.

## ARGUMENT

I.     **Neither Plaintiff's Petition Nor His Amended Petition Was Filed Within 90 Days of the MCHR Right-to-Sue Letter.**

Statutes of limitations contained in the MHRA are strictly construed. *Hammond v. Mun. Correction Inst.,* 117 S.W.3d 130, 138 (Mo. Ct. App. 2003). "Statutes of limitation are favored in the law . . . ." *Id.* at 138. Only the legislature may enact exceptions to statutes of limitation, and the court does not have the authority to expand on any such exceptions. *Id.* at 138–139.

"[A]ny action brought in court under [the MHRA] **shall** be filed within ninety days from the date of the commission's [Right-to-Sue Letter] to the individual . . . ." Mo. Rev. Stat. § 213.111.1. "The language of section 213.111.1 is clear and ambiguous: the 90-day statute of limitations begins running from the date of the right-to-sue letter." *State ex rel. Church & Dwight Co., Inc. v.* Collins, 543 S.W.3d 22, 26 (Mo. 2018) (affirming circuit court's dismissal when plaintiff filed lawsuit 91 days after

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

the date of the right-to-sue letter); s*ee also Hammond*, 117 S.W.3d at 140 ("By the terms of the [MHRA], there is no provision made for time the [Right-to-Sue Letter] spends in the mail.").

The MCHR issued its Right-to-Sue Letter on May 24, 2022. Petition, ¶ 7. Plaintiff filed his original, single-count Petition alleging sex discrimination on Wednesday, August 24, 2022—ninety-two (92) days after the MCHR issued the Right-to-Sue Letter. On Tuesday, August 30, 2022, Plaintiff amended his Petition to add claims of race and age discrimination. By that time, ninety-eight (98) days had passed since the MCHR issued the Right-to-Sue Letter.

Contrary to his own admission concerning the date of the MCHR issued the Right-to-Sue Letter and a court record that expressly recorded the dates of his filings, Plaintiff nonetheless alleges he "initiated this action within ninety (90) days of the date of the [Right-to-Sue Letter]." Petition, ¶ 7. That allegation is false, and the court must look no further than the docket sheet to see that Plaintiff did not, in fact, initiate this action within ninety (90) days of the Right to Sue Letter. To the contrary, he did not file an action alleging sex discrimination until ninety-two (92) days following the Right to Sue Letter, and did not file an action alleging age and/or race discrimination for another six (6) days after that.

All of Plaintiff's claims are barred entirely because they were not timely filed within ninety (90) days of the MCHR issuing the Right-to-Sue Letter. There is no cure for the fatal defect of Plaintiff's untimely MHRA claims; as such, the court should dismiss his Amended Petition with prejudice.

<u>CONCLUSION</u>

For the reasons stated in this Memorandum, the District respectfully requests that this Court dismiss Plaintiffs' Amended Petition with prejudice and grant such other relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - October 06, 2022 - 04:34 PM

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By:   /s/ Melanie A. Renken
     Vince Reese, #49576
     vreese@mickesotoole.com
     Melanie A. Renken, #59973
     mrenken@mickesotoole.com
     12444 Powerscourt Drive, Suite 400
     St. Louis, Missouri 63131
     Telephone: 314-878-5600
     Facsimile: 314-878-5607

     *Attorneys for Defendant St. Louis Public Schools*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 6th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jerryl T. Christmas
6101 Delmar Blvd.
St. Louis, MO 63112
Telephone: 314-588-7105
Facsimile: 314-361-2525

*Attorney for Plaintiff*

     /s/ Melanie A. Renken

**Notice of Removal, Exhibit A, p. 35**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

# IN THE CIRCUIT COURT OF ST. LOUIS CITY
## 22ND JUDICIAL CIRCUIT
## STATE OF MISSOURI

PHILLIP A. BERRY                  )

                                )

       Plaintiff,              )

                                )

vs.                             )     Cause No. 2222-CC09336

                                )

ST. LOUIS PUBLIC SCHOOLS     )

                                )

SERVE: KELVIN ADAMS         )

         Superintendent        )

         801 N. Eleventh St.      )

         St. Louis, MO 63101      )

       Defendant.

## AMENDED PETITION FOR
## SEX, AGE, AND RACE DISCRIMINATION

COMES NOW Plaintiff, Philip A. Berry, by and through counsel, and for

his Petition against Defendant ST. LOUIS PUBLIC SCHOOLS ("Defendant"),

states and alleges as follows:

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

### Jurisdiction and Venue

1.    This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

2.    The unlawful employment practices complained of herein were committed in St. Louis, Missouri.

3.    Plaintiff PHILLIP A. BERRY is a Black male resident of Missouri, over the age of forty and a former employee of Defendant ST. LOUIS PUBLIC SCHOOLS.

4.    Defendant is a domestic general assembly organized and existing under the laws of the State of Missouri and was Plaintiff's former employer and an employer as defined under Title VII and ADEA.

5.    At all times material to this action, Defendant has engaged in an industry affecting commerce and had twenty or more employees for each working day.

### Administrative Procedures

6.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

**Notice of Removal, Exhibit A, p. 37**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

7.      Thereafter, Plaintiff received a Notice of Right to Sue from the EEOC, dated September 21, 2022, and has initiated this action within ninety (90) days of receipt of such notice.

## Facts Common to All Counts

8.      Plaintiff was a full time employee for Defendant at AESM Middle School at L'Ouverture.

9.      Plaintiff was employed as a Family Community Specialist for Defendant.

10.     Plaintiff was employed by the Defendant for sixteen (16) years.

11.     Plaintiff never received an unsatisfactory evaluation.

12.     Plaintiff was the only Black male employed as a Family Community Specialist in the building.

13.     Plaintiff was treated differently in the terms and conditions of his employment because of his sex, age, and race when he was disciplined and discharged.

14.     On March 3, 2021, Plaintiff was advised a White female staff member had reported that Plaintiff had allegedly inappropriately touched a female student.

15.     The White female staff member reported this had allegedly happened in February of 2019.

**Notice of Removal, Exhibit A, p. 38**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

16.     The school has security cameras, but there is no footage for the time period in question.

17.     The White female staff member did not know what day of the month in February of 2019 this inappropriate touching allegedly occurred.

18.     The White female staff member reported a 14 year old female student had reported this alleged incident to her.

19.     A Black female Human Resource Officer requested to interview Plaintiff.

20.     Plaintiff appeared for the interview and requested legal representation.

21.     The Black female Human Resource Officer declined his request.

22.     The Black female Human Resource Officer slapped her hands together at Plaintiff and began to demean, intimidate, and belittle Plaintiff.

23.     The Black female Human Resource Officer created a hostile environment for the Plaintiff as compared to similarly situated female, White and younger co-workers.

24.     The Black female Human Resource Officer harassed Plaintiff as compared to similarly situated female, White and younger co-workers.

25.     Plaintiff denied having any inappropriate contact with the 14 year old female student.

**Notice of Removal, Exhibit A, p. 39**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

26.    The Defendant reported the accusation to the Missouri Department of Social Services on March 2, 2021.

27.    The Missouri Department of Social Services opened an investigation into the accusations against Plaintiff.

28.    Defendant placed Plaintiff on administrative leave on March 3, 2021.

29.    Defendant discharged Plaintiff on April 5, 2021, for alleged policy violations that were simply a pretext for sex, age, and race discrimination.

30.    The Missouri Department of Social Services interviewed the Plaintiff, multiple staff members, multiple students, and the alleged victim.

31.    No one, including the alleged victim, indicated to the Missouri Department of Social Services that Plaintiff touched or said anything inappropriate to her or any other student.

32.    On April 8, 2021, The Missouri Department of Social Services issued a report on its findings.

33.    The Missouri Department of Social Services concluded in its report that the allegations were unsubstantiated.

34.    Defendant created, fostered, promoted, and allowed to exist a hostile work environment in which Plaintiff was discriminated against and treated unfairly, more harshly, and less favorably with respect to his terms, conditions and

**Notice of Removal, Exhibit A, p. 40**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

privileges of employment as compared to similarly situated female, younger and White co-workers.

## **Unlawful Employment Practice (Sex Discrimination) In Violation of Title VII**

35.    Plaintiff incorporates and re-alleges paragraphs 1-34 and for his sex discrimination in employment claim against Defendant states and alleges as follows:

36.    Defendant discriminated against Plaintiff by creating, fostering, promoting, and allowing to exist a hostile, offensive and intimidating work environment because of his sex.

37.    Defendant unfairly disciplined Plaintiff as compared to his similarly situated female co-workers.

38.    Defendant discriminatorily discharged Plaintiff for reasons not applied equally to his similarly situated female co-workers.

39.    Plaintiff's sex was a contributing and motivating factor in Defendant's unfair discipline of Plaintiff compared to his female co-workers.

40.    Plaintiff's sex was a contributing and motivating factor in Defendants discharge of Plaintiff.

41.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensable damages, including but not limited to, lost income and benefits, future wages and earnings, and has also suffered emotional and mental

**Notice of Removal, Exhibit A, p. 41**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

42.    Defendant's actions complained of herein were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

43.    Plaintiff is entitled to equitable relief in the form of reinstatement of employment or, in the alternative, back pay and front pay, under Title VII.

44.    Plaintiff is entitled to recover his attorney fees, costs of suit, and such other sums as the court may award.

45.    **WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition awarding: (i) back pay and compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) reinstatement of employment or, in the alternative, front pay; (iv) his attorneys fees and costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

**Notice of Removal, Exhibit A, p. 42**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

## Unlawful Employment Practice (Age Discrimination) in Violation of ADEA

46.     Plaintiff incorporates and re-alleges paragraphs 1-44 and for his age discrimination in employment claim against Defendant, states and alleges as follows:

47.     Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment by creating, fostering, promoting and allowing to exist a hostile, offensive and intimidating work environment which had the purpose and effect of substantially interfering with Plaintiff's ability to work as an older staff member.

48.     Defendant unfairly disciplined Plaintiff as compared to his similarly situated younger co-workers.

49.     Defendant discriminatorily discharged Plaintiff and replaced him with a younger person for reasons not applied equally to his similarly situated younger co-workers.

50.     Plaintiff's age was a contributing and motivating factor in Defendant's unfair discipline of Plaintiff compared to his younger co-workers.

51.     Plaintiff's age was a contributing and motivating factor in Defendant's discharge of Plaintiff.

52.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensable damages, including but not limited to, lost income and

8

**Notice of Removal, Exhibit A, p. 43**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

benefits, future wages and earnings, and has also suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

53.    Defendant's actions complained of herein were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

54.    Plaintiff is entitled to, and prays for, equitable relief in the form of reinstatement of employment or, in the alternative, front pay, under the ADEA.

55.    Plaintiff is entitled to recover his attorney fees, costs of suit, and such other sums as the court may award.

56.    **WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition awarding: (i) back pay and compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) reinstatement of employment or, in the alternative, front pay; (iv) his attorneys fees and costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

## Unlawful Employment Practice (Race Discrimination) in Violation of MHRA §213.055 R.S.Mo.

57.    Plaintiff incorporates and re-alleges paragraphs 1-55 and for his race discrimination in employment claim against Defendant, states and alleges as follows:

58.    Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment by creating, fostering, promoting and allowing to exist a hostile, offensive and intimidating work environment which had the purpose and effect of substantially interfering with Plaintiff's ability to work as a Black staff member.

59.    Defendant unfairly disciplined Plaintiff as compared to his White co-workers.

60.    Defendant discharged Plaintiff.

61.    Plaintiff's race was a contributing and motivating factor in Defendant's discipline and discharge of Plaintiff.

62.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

63.    Defendant's actions complained of herein were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby

**Notice of Removal, Exhibit A, p. 45**

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

64.    Plaintiff is entitled to, and prays for, equitable relief in the form of reinstatement of employment or in the alternative, front pay, under Title VII.

65.    **WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition awarding: (i) back pay and compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) reinstatement of employment or, in the alternative, front pay; (iv) his attorneys fees and costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

By:**/s/Jerryl T. Christmas**
Jerryl T. Christmas, #45370
Attorneys for Plaintiff
6101 Delmar Blvd
Saint Louis, Missouri 63112
Phone: 314-588-7105
Fax :   314-361-2525

**Notice of Removal, Exhibit A, p. 46**

Electronically Filed - City of St. Louis - December 21, 2022 - 09:19 AM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**22ND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | |
|---|---|
| **PHILLIP A. BERRY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )   **Cause No.:  2222-CC09336** |
| **ST. LOUIS PUBLIC SCHOOLS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED PETITION**

COMES NOW Defendant St. Louis Public Schools ("the District"), by and through the undersigned counsel, and for its Motion to Strike Plaintiff's Second Amended Petition, states:

1.     Plaintiff filed a single-count Petition in this case on August 24, 2022, alleging sex discrimination in violation of the Missouri Human Rights Act ("MHRA") ("Original Petition").

2.     Plaintiff filed an Amended Petition on August 30, 2022, in which he added MHRA claims of age and race discrimination ("First Amended Petition").

3.     On October 6, 2022, the District timely filed a Motion to Dismiss Plaintiff's Amended Petition, as all of Plaintiff's claims were time-barred due to his failure to file within the MHRA's statute of limitations.

4.     On December 19, 2022, Plaintiff purported to file, without obtaining leave of the Court, another Amended Petition ("Second Amended Petition").

5.     Missouri Rule of Civil Procedure 55.33(a) provides that, if a party already has amended a pleading once, it may do so again "only by leave of the court or by written consent of the adverse party."

Electronically Filed - City of St. Louis - December 21, 2022 - 09:19 AM

6.    To date, Plaintiff has not requested, nor obtained, leave of Court to file his Second Amended Petition.

7.    Likewise, to date, Plaintiff has not requested, nor obtained, the District's consent to file his Second Amended Petition.

8.    Based upon the foregoing, Plaintiff's Second Amended Petition is improperly filed in violation of Rule 55.33(a).

9.    Accordingly, the District moves to strike Plaintiff's improperly filed Second Amended Petition. Petition.

10.    If Plaintiff desires to file a Second Amended Petition, he must do so in compliance with the Missouri Rules of Civil Procedure, which require him to file a Motion for Leave to File a Second Amended Petition, to which the District should have the opportunity to respond and/or object. Mo.R.Civ.P. 55.33(a).

**WHEREFORE**, for the reasons stated herein, the District moves the Court to grant its Motion to Strike Plaintiff's Second Amended Petition and for such other and further relief as may be appropriate under the circumstances.

Respectfully Submitted,

MICKES O'TOOLE, LLC.

By:    /s/Melanie A. Renken
         Vincent D. Reese, #49576
         Melanie A. Renken, #59973
         555 Maryville University Drive, Suite 240
         St. Louis, MO 63141
         (314) 878-5600 (telephone)
         (314) 878-5607 (facsimile)
         vreese@mickesotoole.com
         mrenken@mickesotoole.com
         *Attorneys for Defendant St. Louis Public Schools*

Electronically Filed - City of St. Louis - December 21, 2022 - 09:19 AM

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 21st day of December, 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

Jerryl T. Christmas
6101 Delmar Blvd.
St. Louis, MO 63112
Telephone: 314-588-7105
Facsimile: 314-361-2525

*Attorney for Plaintiff*

/s/ *Melanie A. Renken*

Electronically Filed - City of St. Louis - January 03, 2023 - 04:39 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI**

| | | |
|---|---|---|
| PHILLIP A BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2222-CC09336 |
| | ) | |
| ST. LOUIS PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that the undersigned will call for hearing Defendant St. Louis Public Schools' Motion to Strike Plaintiff's Second Amended Petition at 9:00 a.m. on January 11, 2023, or as soon thereafter as counsel may be heard.

Counsel for the parties have agreed to attend this hearing via Webex using the following call-in details, as listed on this Court's web site:

**URL**:  **https://mocourts.webex.com/meet/jason.sengheiser/**

**Meeting Number**:  **962 737 631**

Electronically Filed - City of St. Louis - January 03, 2023 - 04:39 PM

Respectfully Submitted,

**MICKES O'TOOLE, LLC**

By:    */s/ Melanie A. Renken*
       Vince Reese, #49576
       vreese@mickesotoole.com
       Melanie A. Renken
       mrenken@mickesotoole.com
       12444 Powerscourt Drive, Suite 400
       St. Louis, MO 63131
       Telephone: (314) 878-5600
       Facsimile: (314) 878-5607

       *Attorneys for Defendant St Louis Public Schools*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

Jerryl T. Christmas
6101 Delmar Blvd.
St. Louis, MO 63112
Telephone: 314-588-7105
Facsimile: 314-361-2525

*Attorney for Plaintiff*

*/s/ Melanie A. Renken*

Electronically Filed - City of St. Louis - January 10, 2023 - 04:34 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| PHILLIP A BERRY, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2222-CC09336 |
| | ) | |
| ST. LOUIS PUBLIC SCHOOLS, | ) | |
| | ) | |
|      Defendants. | ) | |

**AMENDED NOTICE OF HEARING**

PLEASE TAKE NOTICE that the undersigned will call for hearing Defendant St. Louis Public Schools' Motion to Strike Plaintiff's Second Amended Petition at 9:00 a.m. on January 25, 2023 (previously noticed for January 11, 2023) or as soon thereafter as counsel may be heard.

Counsel for the parties have agreed to attend this hearing via Webex using the following call-in details, as listed on this Court's web site:

**URL**:  **https://mocourts.webex.com/meet/jason.sengheiser/**

**Meeting Number**:  **962 737 631**

Electronically Filed - City of St. Louis - January 10, 2023 - 04:34 PM

Respectfully Submitted,

**MICKES O'TOOLE, LLC**

By:    <u>*/s/ Melanie A. Renken*</u>
        Vince Reese, #49576
        <u>vreese@mickesotoole.com</u>
        Melanie A. Renken
        <u>mrenken@mickesotoole.com</u>
        12444 Powerscourt Drive, Suite 400
        St. Louis, MO 63131
        Telephone: (314) 878-5600
        Facsimile: (314) 878-5607

        *Attorneys for Defendant St Louis Public Schools*

### CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

Jerryl T. Christmas
6101 Delmar Blvd.
St. Louis, MO 63112
Telephone: 314-588-7105
Facsimile: 314-361-2525

*Attorney for Plaintiff*

<u>*/s/ Melanie A. Renken*</u>

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| PHILLIP BERRY | ) | |
| | ) | |
| Plaintiff | ) | Cause No:  2222-CC09336 |
| | ) | |
| vs. | ) | |
| | ) | |
| ST. LOUIS PUBLIC SCHOOLS | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE AMENDED PETITION

Comes Now, Jerryl T. Christmas counsel for the above named Defendant and requests leave to file an amended petition:

1.  Plaintiff timely filed an amended petition on December 19, 2022.

2.  Plaintiff honestly believed its original petition filed on August 24, 2022 was timely because it was within three months of the deadline but apparently was a few days later than 90 days.

3.  Plaintiff seeks to file the amended complaint so that this claim can be heard on the merits as to which it is timely rather than dismissed on technical grounds.

4.  Missouri Rules of Civil Procedure 55.33(a) provides that leave shall be freely given when justice so requires.

WHEREFORE, for the reasons stated herein, Plaintiff requests the Court grant his motion for leave and accept the amended petition.

Electronically Filed - City of St. Louis - January 10, 2023 - 04:53 PM

Electronically Filed - City of St. Louis - January 10, 2023 - 04:53 PM

Respectfully Submitted,

**/s/ Jerryl T. Christmas**
Jerryl T. Christmas, #45370
Attorney for Defendant
6101 Delmar Boulevard
St. Louis, MO 63112
314- 588-7105 Office
314-361-2525  Fax

Electronically Filed - City of St. Louis - January 24, 2023 - 08:53 AM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI**

| | |
|---|---|
| **PHILLIP A. BERRY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Cause No.:  2222-CC09336** |
| ) | |
| **ST. LOUIS PUBLIC SCHOOLS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**DEFENDANT ST. LOUIS PUBLIC SCHOOL'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED PETITION**

**COMES NOW** Defendant St. Louis Public Schools ("the District") by and through its

undersigned counsel, and in opposition to Plaintiff's Motion for Leave to File Amended Petition,

states as follows:

1.      On October 1, 2021, Plaintiff dually filed a charge of discrimination against the District

with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment

Opportunity Commission ("EEOC"), alleging violations of the Missouri Human Rights Act

("MHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in

Employment Act ("ADEA").

2.      On May 24, 2022, the MCHR issued Plaintiff a Notice of Right-to-Sue ("Right-to-Sue

Letter"), granting him the right to file suit concerning alleged violations of the MHRA **within ninety

(90) days of the date of the letter**, as required by the express language of the MHRA. R.S.Mo.

§213.111.1.

3.      **Ninety-two (92) days later**, on August 24, 2022, Plaintiff filed a single-count Petition

("Original Petition"), alleging sex discrimination in violation of the MHRA.

Electronically Filed - City of St. Louis - January 24, 2023 - 08:53 AM

4.      On August 30, 2022, Plaintiff filed an Amended Petition ("First Amended Petition"), adding claims of age and race discrimination under the MHRA.  Because the District had not yet filed a responsive pleading to the Original Petition, Plaintiff was not required to obtain leave of this Court to file the First Amended Petition. Mo.Sup.Ct.R. 55.33(a).

5.       On October 6, 2022, the District timely filed a Motion to Dismiss Plaintiff's Amended Petition ("Motion to Dismiss"), in which it asked this Court to dismiss Plaintiff's First Amended Petition in its entirety because all of Plaintiff's MHRA claims are time-barred due to Plaintiff's failure to file suit within ninety (90) days of the MCHR issuing its Right-to-Sue Letter. Mo. Rev. Stat. § 213.111.1.

6.      On September 21, 2022, while the District's Motion to Dismiss remained pending, the EEOC issued Plaintiff a Right-to-Sue Letter, granting Plaintiff the right to file suit concerning alleged violations of Title VII and the ADEA **within ninety (90) days of his receipt of the EEOC's Right-to-Sue Letter**. Plaintiff's counsel acknowledged receipt of the EEOC's Right-to-Sue letter that same day (i.e., September 21, 2022).

7.      On December 19, 2022, Plaintiff filed a purported Second Amended Petition, adding claims under Title VII and the ADEA.

8.      Plaintiff did not seek leave of this Court and/or the District's consent to file a Second Amended Petition, as required by Missouri Supreme Court Rule 55.33(a).

9.      On December 21, 2022, the District filed a Motion to Strike Plaintiff's Second Amended Petition, due to Plaintiff's failure to comply with Rule 55.33(a).

10.     On January 10, 2023, Plaintiff filed a Motion for Leave to File Amended Petition ("Motion for Leave"), acknowledging that he filed his Original Petition out of time due to his own miscalculation, but asking this Court to nonetheless allow his claims to proceed.

Electronically Filed - City of St. Louis - January 24, 2023 - 08:53 AM

11.     "Statutes of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions." *State ex rel. Church & Dwight Co., Inc. v. Collins*, 543 S.W.3d 22, 26 (Mo. banc 2018) (circuit court exceeded its authority in denying defendant's motion to dismiss based on failure to file within MHRA statute of limitations) (quoting *Hill v. John Chezik Imps.*, 797 S.W.2d 528, 530 (Mo.App. 1990).

12.     "A court rightly refuses a request to grant leave to amend if the requested amendment would not cure the legal defects in the originally-asserted claims." *Suppes v. Curators of the Univ. of Missouri*, 613 S.W.3d 836, 857 (Mo.App.W.D. 2020); *see also Spencer v. State*, 334 S.W.3d 559, 573 (Mo.App.W.D. 2010) (court should deny a request for leave to amend a petition when "the requested amendment would not cure the deficiency" of the original pleading).

13.     In *Church & Dwight Co.*— a case strikingly similar to the one at bar—the Missouri Supreme Court held, *en banc*, that the court abused its discretion when it:

    a.    denied the defendant's motion to dismiss that was based on the plaintiff's failure to file suit within ninety (90) days of her right-to-sue letter; and

    b.    granted the plaintiff leave to amend her petition when the amendments would not have survived a motion to dismiss.

543 S.W.3d 22, 27–28.

14.     The *Church & Dwight Co.* based its holding on the principal it is "'fundamentally unjust to force another to suffer the considerable expense and inconvenience of litigation' in addition to being 'a waste of judicial resources and taxpayer money'" if a petition cannot state a cause of action. *Id.* at 26 (quoting *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 330 (Mo. banc 2009).

15.     Granting Plaintiff leave to amend the First Amended Petition would be futile, thus resulting in "a waste of judicial resources and taxpayer money," because:

Electronically Filed - City of St. Louis - January 24, 2023 - 08:53 AM

a.   the proposed amendments (i.e., the addition of Title VII and ADEA claims) would not cure the untimeliness of the claims contained in the First Amended Petition; and

b.   the proposed amendments (i.e., the Title VII and ADEA claims) could not survive a motion to dismiss because the 90-day statute of limitations applicable to Plaintiff's Title VII and ADEA claims has expired.

16.    Further, pursuant to *Church & Dwight Co.* and *Henley*, granting Plaintiff leave to file his purported Second Amended Petition would be "fundamentally unjust" to the District, as it would require it (i.e., taxpayers) to expend resources to continue litigating claims that the legislature has expressly stated he is not allowed to litigate.

## CONCLUSION

For the reasons stated herein, the District respectfully requests that this Court deny Plaintiffs' Motion to File Amended Petition with prejudice and grant such other relief as this Court deems just and proper.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By:   /s/ *Melanie A. Renken*
    Vince Reese, #49576
    vreese@mickesotoole.com
    Melanie A. Renken, #59973
    mrenken@mickesotoole.com
    12444 Powerscourt Drive, Suite 400
    St. Louis, Missouri 63131
    Telephone: 314-878-5600
    Facsimile: 314-878-5607

    *Attorneys for Defendant St. Louis Public Schools*

Electronically Filed - City of St. Louis - January 24, 2023 - 08:53 AM

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this 24th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jerryl T. Christmas
6101 Delmar Blvd.
St. Louis, MO 63112
Telephone: 314-588-7105
Facsimile: 314-361-2525

*Attorney for Plaintiff*

/s/ *Melanie A. Renken*

STATE OF MISSOURI      )
                          ) SS
CITY OF ST. LOUIS      )

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

FILED

MAR 27 2023

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
_____ DEPUTY

| | |
|---|---|
| Phillip A. Berry, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2222-CC09336 |
| | ) |
| St. Louis Public Schools, | )   Division No. 18 |
| | ) |
| Defendant, | ) |

**E N T E R E D**

**MAR 27 2023**

**M J D**

## ORDER

On January 25, 2023, the Court held a hearing on Defendant St. Louis Public Schools' ("the District") motion to strike Plaintiff Phillip A. Berry's ("Berry") second amended petition. After hearing the arguments, the Court took the matter under submission. The Court now rules as follows.

The alleged facts are as follows: Berry dually filed a charge of discrimination against the District on October 1, 2021, with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Missouri Human Rights Act ("MHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA") regarding his termination.

Berry received a Notice of Right to Sue from the MCHR on May 24, 2022. Subsequently, Berry filed a single-count petition on August 24, 2022, and an amended petition adding claims of age and race discrimination under the MHRA on August 30, 2022. Thus, the causes of action in Berry's August 30, 2022 first amended petition were Count I for sex discrimination under the

MHRA, Count II for age discrimination under the MHRA, and Count III for race discrimination under the MHRA.

On September 21, 2022, EEOC issued Berry a Right-to-Sue Letter. After that, Berry filed a second amended petition on December 19, 2022, adding claims under Title VII and the ADEA. Thus, the causes of action in the December 19, 2022 amended petition were Count I for sex discrimination under Title VII, Count II for age discrimination under the ADEA, and Count III for race discrimination under the MHRA.

After the District filed a motion to dismiss Berry's August 30, 2022 first amended petition on October 6, 2022, and motion to strike Berry's December 19, 2022 second amended petition on December 21, 2022, Berry filed a Motion for Leave on January 10, 2023, seeking for his claims to be heard on the merits rather than dismissed on technical grounds.

In its motions to strike and dismiss, the District contends Berry filed its MHRA action two days outside the ninety-day allotted period. As a result, the District asserts all three of Berry's claims are time-barred because he failed to file them within ninety days of the MCHR issuing its Right-to-Sue Letter.

The only requirements imposed by Section 213.111 to file a claim under the MHRA are that: (1) an employee file a charge with the Commission prior to filing a state court action; (2) the Commission issue a right to sue letter; and (3) the state court action be filed within ninety days of the issuance of the right to sue letter but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party. Farrow v. Saint Francis Medical Center, 407 S.W.3d 579, 591 (Mo banc 2013). Therefore, a statute of limitations begins to run when the right to sue letter is issued: "Any action brought in court under [the MHRA] shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two

years after the alleged cause of occurred or its reasonable discovery by the alleged injury party." Section 213.111.

Where the language of the statute is clear and unambiguous, courts must give effect to the language used by the legislature. Hammond v. Municipal Correction Institute, 117 S.W.3d 130, 138 (Mo. App. W.D. 2003). This statute is sufficiently clear to avoid due process issues, and the ninety-day requirement would be no surprise to a layperson because that specific language is included twice in the letter to sue. Id. In addition, the MHRA's statute of limitations has been strictly construed. Hill v. John Chezik Imports, 797 S.W.2d 528, 530 (Mo. App. 1990). Statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself within an exception enacted by the legislature. Id. They may be suspended or tolled only by specific disabilities of exceptions enacted by the legislature, and courts cannot extend those exceptions. Id.

Berry filed his first petition on August 24, 2022, which is ninety-two days after he received his Right-to-Sue letter on May 24, 2022. The statute emphasizes that an action "shall" be filed within ninety days.

Moreover, a right-to-sue letter from the EEOC does not give rise to a right-to-sue under the MHRA; the plaintiff must first receive a right-to-sue letter from the MCHR. Whitmore v. O'Connor Mgmt. Inc., 156 F.3d 796, 800 (8th Cir. 1998). As such, right-to-sue letters issued by the EEOC do not cure defects in filing an untimely MHRA action. Hammond, 117 S.W.3d at 136.

Berry has not demonstrated how a right-to-sue letter issued by the EEOC could breathe life into a dead MCHR claim. Id. Accordingly, Berry's addition of federal claims does not cure the untimeliness of his claims under the MHRA.

Because Section 213.111 is clear and unambiguous, and Berry himself admits he filed the petition outside of the statute of limitations, the action was not filed in a timely manner and the District's motion to dismiss should be granted as to the MHRA claims.

With respect to the Title VII and ADEA claims in Berry's second amended petition filed on December 19, 2022. Those claims were filed within ninety days of receiving the right to sue letter from the EEOC. See 42 U.S.C.A. § 2000e–5(f)(1). As a result, the motion to dismiss those claims as untimely filed is denied.

THEREFORE, it is Ordered and Decreed that Defendant's motion to strike is GRANTED without prejudice as to all of the MHRA claims. The motion is DENIED as to the Title VII and ADEA claims.

SO ORDERED

Judge Jason Sengheiser

Date: March 27, 2023