IN THE CIRCUIT COURT OF ST. LOUIS CITY
22ND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| PHILLIP A. BERRY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2222-CC09336 |
| ) | |
| ST. LOUIS PUBLIC SCHOOLS ) | |
| ) | |
| SERVE: KELVIN ADAMS ) | |
|     Superintendent ) | |
|     801 N. Eleventh St. ) | |
|     St. Louis, MO 63101 ) | |
| ) | |
| Defendant. | |

## AMENDED PETITION FOR
## SEX, AGE, AND RACE DISCRIMINATION

COMES NOW Plaintiff, Philip A. Berry, by and through counsel, and for his Petition against Defendant ST. LOUIS PUBLIC SCHOOLS ("Defendant"), states and alleges as follows:

## Jurisdiction and Venue

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

2. The unlawful employment practices complained of herein were committed in St. Louis, Missouri.

3. Plaintiff PHILLIP A. BERRY is a Black male resident of Missouri, over the age of forty and a former employee of Defendant ST. LOUIS PUBLIC SCHOOLS.

4. Defendant is a domestic general assembly organized and existing under the laws of the State of Missouri and was Plaintiff's former employer and an employer as defined under Title VII and ADEA.

5. At all times material to this action, Defendant has engaged in an industry affecting commerce and had twenty or more employees for each working day.

## Administrative Procedures

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Thereafter, Plaintiff received a Notice of Right to Sue from the EEOC, dated September 21, 2022, and has initiated this action within ninety (90) days of receipt of such notice.

## Facts Common to All Counts

8. Plaintiff was a full time employee for Defendant at AESM Middle School at L'Ouverture.

9. Plaintiff was employed as a Family Community Specialist for Defendant.

10. Plaintiff was employed by the Defendant for sixteen (16) years.

11. Plaintiff never received an unsatisfactory evaluation.

12. Plaintiff was the only Black male employed as a Family Community Specialist in the building.

13. Plaintiff was treated differently in the terms and conditions of his employment because of his sex, age, and race when he was disciplined and discharged.

14. On March 3, 2021, Plaintiff was advised a White female staff member had reported that Plaintiff had allegedly inappropriately touched a female student.

15. The White female staff member reported this had allegedly happened in February of 2019.

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

16. The school has security cameras, but there is no footage for the time period in question.

17. The White female staff member did not know what day of the month in February of 2019 this inappropriate touching allegedly occurred.

18. The White female staff member reported a 14 year old female student had reported this alleged incident to her.

19. A Black female Human Resource Officer requested to interview Plaintiff.

20. Plaintiff appeared for the interview and requested legal representation.

21. The Black female Human Resource Officer declined his request.

22. The Black female Human Resource Officer slapped her hands together at Plaintiff and began to demean, intimidate, and belittle Plaintiff.

23. The Black female Human Resource Officer created a hostile environment for the Plaintiff as compared to similarly situated female, White and younger co-workers.

24. The Black female Human Resource Officer harassed Plaintiff as compared to similarly situated female, White and younger co-workers.

25. Plaintiff denied having any inappropriate contact with the 14 year old female student.

26. The Defendant reported the accusation to the Missouri Department of Social Services on March 2, 2021.

27. The Missouri Department of Social Services opened an investigation into the accusations against Plaintiff.

28. Defendant placed Plaintiff on administrative leave on March 3, 2021.

29. Defendant discharged Plaintiff on April 5, 2021, for alleged policy violations that were simply a pretext for sex, age, and race discrimination.

30. The Missouri Department of Social Services interviewed the Plaintiff, multiple staff members, multiple students, and the alleged victim.

31. No one, including the alleged victim, indicated to the Missouri Department of Social Services that Plaintiff touched or said anything inappropriate to her or any other student.

32. On April 8, 2021, The Missouri Department of Social Services issued a report on its findings.

33. The Missouri Department of Social Services concluded in its report that the allegations were unsubstantiated.

34. Defendant created, fostered, promoted, and allowed to exist a hostile work environment in which Plaintiff was discriminated against and treated unfairly, more harshly, and less favorably with respect to his terms, conditions and

privileges of employment as compared to similarly situated female, younger and White co-workers.

### Unlawful Employment Practice (Sex Discrimination) In Violation of Title VII

35. Plaintiff incorporates and re-alleges paragraphs 1-34 and for his sex discrimination in employment claim against Defendant states and alleges as follows:

36. Defendant discriminated against Plaintiff by creating, fostering, promoting, and allowing to exist a hostile, offensive and intimidating work environment because of his sex.

37. Defendant unfairly disciplined Plaintiff as compared to his similarly situated female co-workers.

38. Defendant discriminatorily discharged Plaintiff for reasons not applied equally to his similarly situated female co-workers.

39. Plaintiff's sex was a contributing and motivating factor in Defendant's unfair discipline of Plaintiff compared to his female co-workers.

40. Plaintiff's sex was a contributing and motivating factor in Defendants discharge of Plaintiff.

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensable damages, including but not limited to, lost income and benefits, future wages and earnings, and has also suffered emotional and mental

distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

42. Defendant's actions complained of herein were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

43. Plaintiff is entitled to equitable relief in the form of reinstatement of employment or, in the alternative, back pay and front pay, under Title VII.

44. Plaintiff is entitled to recover his attorney fees, costs of suit, and such other sums as the court may award.

45. **WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition awarding: (i) back pay and compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) reinstatement of employment or, in the alternative, front pay; (iv) his attorneys fees and costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

## Unlawful Employment Practice (Age Discrimination) in Violation of ADEA

46. Plaintiff incorporates and re-alleges paragraphs 1-44 and for his age discrimination in employment claim against Defendant, states and alleges as follows:

47. Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment by creating, fostering, promoting and allowing to exist a hostile, offensive and intimidating work environment which had the purpose and effect of substantially interfering with Plaintiff's ability to work as an older staff member.

48. Defendant unfairly disciplined Plaintiff as compared to his similarly situated younger co-workers.

49. Defendant discriminatorily discharged Plaintiff and replaced him with a younger person for reasons not applied equally to his similarly situated younger co-workers.

50. Plaintiff's age was a contributing and motivating factor in Defendant's unfair discipline of Plaintiff compared to his younger co-workers.

51. Plaintiff's age was a contributing and motivating factor in Defendant's discharge of Plaintiff.

52. As a direct and proximate result of Defendant's actions, Plaintiff has suffered compensable damages, including but not limited to, lost income and

benefits, future wages and earnings, and has also suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

53. Defendant's actions complained of herein were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

54. Plaintiff is entitled to, and prays for, equitable relief in the form of reinstatement of employment or, in the alternative, front pay, under the ADEA.

55. Plaintiff is entitled to recover his attorney fees, costs of suit, and such other sums as the court may award.

56. **WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition awarding: (i) back pay and compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) reinstatement of employment or, in the alternative, front pay; (iv) his attorneys fees and costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

## Unlawful Employment Practice (Race Discrimination) in Violation of MHRA §213.055 R.S.Mo.

57. Plaintiff incorporates and re-alleges paragraphs 1-55 and for his race discrimination in employment claim against Defendant, states and alleges as follows:

58. Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment by creating, fostering, promoting and allowing to exist a hostile, offensive and intimidating work environment which had the purpose and effect of substantially interfering with Plaintiff's ability to work as a Black staff member.

59. Defendant unfairly disciplined Plaintiff as compared to his White co-workers.

60. Defendant discharged Plaintiff.

61. Plaintiff's race was a contributing and motivating factor in Defendant's discipline and discharge of Plaintiff.

62. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

63. Defendant's actions complained of herein were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby

Electronically Filed - City of St. Louis - December 19, 2022 - 04:16 PM

Notice of Removal, Exhibit A, p. 45

entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

64. Plaintiff is entitled to, and prays for, equitable relief in the form of reinstatement of employment or in the alternative, front pay, under Title VII.

65. **WHEREFORE**, Plaintiff prays for Judgment against Defendant on his Petition awarding: (i) back pay and compensatory damages in an amount the jury deems fair and reasonable in excess of $25,000.00 according to proof at trial; (ii) separate punitive damages awards against the Defendant in such amounts as the jury deems just, proper and sufficient to punish the Defendant and to deter like future conduct; (iii) reinstatement of employment or, in the alternative, front pay; (iv) his attorneys fees and costs of suit; and (v) such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

By: **/s/Jerryl T. Christmas**
Jerryl T. Christmas, #45370
Attorneys for Plaintiff
6101 Delmar Blvd
Saint Louis, Missouri 63112
Phone: 314-588-7105
Fax :   314-361-2525