UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP A. BERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-415 RLW |
| ST. LOUIS PUBLIC SCHOOLS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). The burden of proving all jurisdictional facts is on the party asserting jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).

**Procedural Background**

Before addressing whether the Court has jurisdiction over this action, it is necessary to review the procedural history of the parties' state court matter. *See Berry v. St. Louis Pub. Schs.*, No. 2222-CC09336 (22nd Jud. Cir., St. Louis City). Because specific dates are important to the Court's analysis, a detailed timeline is necessary: [1]

---

[1] The information in the timeline comes from Case.net, Missouri's online case management system, unless otherwise indicated. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial

| | |
|---|---|
| **October 1, 2021** | Plaintiff files charges of discrimination against Defendant with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 16 at 1). Plaintiff alleges violations of the Missouri Human Rights Act ("MHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). *Id.* |
| **May 24, 2022** | The MCHR issues a Notice of Right to Sue to Plaintiff, granting him 90 days to file suit concerning the alleged violations of the MHRA. |
| **August 22, 2022** | Plaintiff's last day to file suit for the alleged violations of the MHRA. |
| **August 24, 2022** | Plaintiff sues Defendant in the Circuit Court of St. Louis City, Missouri, alleging sex discrimination in violation of the MHRA. |
| **August 30, 2022** | Plaintiff amends his petition as a matter of right under Mo. Sup. Ct. R. 55.33(a) and adds claims of age and race discrimination under the MHRA. |
| **September 21, 2022** | The EEOC issues a Notice of Right to Sue to Plaintiff, granting him 90 days to file suit concerning the alleged violations of Title VII and the ADEA. |
| **October 6, 2022** | Defendant moves to dismiss Plaintiff's First Amended Petition on the basis that Plaintiff's MHRA claims were time-barred under the MCHR's 90-day deadline. |
| **December 19, 2022** | Without first obtaining leave of court, Plaintiff files his Second Amended Petition and adds claims under Title VII and the ADEA. |
| **December 20, 2022** | Plaintiff's last day to file suit under Title VII and the ADEA. |

---

notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records.").

| | |
|---|---|
| **December 21, 2022** | Defendant moves to strike Plaintiff's Second Amended Petition on the basis that Plaintiff did not obtain leave of court to amend his petition a second time. |
| **January 10, 2023** | Plaintiff files a motion for leave to file the Second Amended Petition. |
| **January 24, 2023** | Defendant files an opposition to Plaintiff's motion for leave, arguing that Plaintiff's federal claims are now time-barred under the EEOC's 90-day deadline. |
| **January 25, 2023** | The state court holds a hearing on Defendant's Motion to Dismiss the First Amended Petition and Defendant's Motion to Strike the Second Amended Petition. |
| **March 27, 2023** | The state court grants Defendant's Motion to Strike the Second Amended Petition as to Plaintiff's MHRA claims. The court denies Defendant's Motion to Dismiss under the mistaken belief that Defendant sought to dismiss Plaintiff's Second Amended Petition, not Plaintiff's First Amended Petition.[2] The court did not address Plaintiff's Motion for Leave to File the Second Amended Petition. |
| **April 3, 2023** | Defendant removes the case to this Court after the state court dismissed Plaintiff's state-law claims without specifically addressing Plaintiff's remaining federal claims. |

## Discussion

Defendant asserts that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1441(c). (ECF No. 1 at ¶ 17). As the removing party, Defendant bears the burden of

---

[2] Defendant did not move to dismiss Plaintiff's Second Amended Complaint. Defendant's Motion to Dismiss, dated October 6, 2022, addresses the timeliness of Plaintiff's First Amended Petition, and precedes the Second Amended Petition by more than two months. Thus, although the state court purported to deny Defendant's Motion to Dismiss the Second Amended Complaint, there was no such motion to deny.

3

establishing federal jurisdiction by a preponderance of the evidence. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). All doubts about jurisdiction should be resolved in favor of remand. *Id.* (citation omitted). "[U]ntil the state court grants leave to file the pleading [upon which removal is based], the [Federal] Court has no basis for asserting . . . jurisdiction, and the notice of removal is premature." *Gustafson v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 358 F. Supp. 3d 861, 863 (E.D. Mo. 2019) (citation omitted).

Here, Plaintiff was required to obtain leave from the state court before amending his petition for a second time. *See* Mo. Sup. Ct. R. 55.33(a). Plaintiff filed his Second Amended Petition on December 19, 2022, without first obtaining leave of court. Plaintiff did not seek leave until nearly a month later. A review of the state court matter reveals that the state court never addressed Plaintiff's Motion for Leave. Although the state court did not dismiss or otherwise strike Plaintiff's Second Amended Petition, it also did not grant leave for Plaintiff to file the same. Thus, this Court lacks jurisdiction. *Gustafson*, 358 F. Supp. 3d at 863.

## CONCLUSION

Because the state court never granted leave to file the pleading upon which Defendant's removal is based, this Court has no jurisdiction. *Gustafson*, 358 F. Supp. 3d at 863. The Court must remand this matter to the state court. *Id.*; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED** as moot. (ECF No. 15).

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis City, Missouri, from which it was removed, for lack of subject matter jurisdiction.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of June, 2023.